UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                  :
   UNITED STATES OF AMERICA                       :
                                                  :        19 Cr. 105 (LGS)
                              -against-           :
                                                  :        ORDER
   JUAN RAMIREZ,                                  :
                              Defendant.    :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on July 24, 2020, Defendant filed a motion for compassionate release

pursuant to 18 U.S.C. § 3582(c)(1)(A).  On July 30, 2020, the Government filed a memorandum

of law in opposition to the motion;

      WHEREAS, on August 13, 2019, Defendant pleaded guilty to conspiracy to distribute

and possess with the intent to distribute fentanyl, in violation of 21 U.S.C. §§ 846 and

841(b)(1)(B).  On January 9, 2020, Defendant was sentenced to seventy-two months'

incarceration.  Defendant is currently housed at the Metropolitan Detention Center in New York,

and is scheduled to be released in April 2024.  Because Defendant is not a U.S. citizen, upon

release he will be transferred to an immigration facility and ultimately removed to the Dominican

Republic;

      WHEREAS, the President of the United States has declared a national emergency due to

the spread of the COVID-19 virus;

**Exhaustion of Administrative Remedies**

      WHEREAS, 18 U.S.C. § 3582(c)(1)(A) states,

      The court may not modify a term of imprisonment once it has been imposed,
      except . . . upon motion of the Director of the Bureau of Prison, or upon motion
      of the defendant after the defendant has fully exhausted all administrative rights
      to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

behalf, or the lapse of 30 days from the receipt of such a request by the warden
of the defendant's facility, whichever is earlier . . . .

WHEREAS, on May 28, 2020, Defendant petitioned the Warden of his facility for his
release.  The Warden denied Defendant's request on June 11, 2020.  Defendant asserts, and the
Government does not dispute, that he has exhausted his administrative remedies under the
statute;

### "Extraordinary and Compelling Reasons"

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) further provides that the court "may reduce the
term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a
reduction . . . and that such a reduction is consistent with applicable policy statements issued by
the Sentencing Commission";

WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13,
provides that the Court may reduce a term of imprisonment if three conditions are met: (i)
extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the
defendant is not a danger to the safety of any other person or to the community, as provided in 18
U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy
statement.  *Id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987,
at *1–2 (S.D.N.Y. Jan. 15, 2020);

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that
"extraordinary and compelling reasons" exist where the defendant "is suffering from a serious
physical or medical condition," "that substantially diminishes the ability of the defendant to
provide self-care within the environment of a correctional facility and from which he or she is
not expected to recover."  U.S.S.G. § 1B1.13, Application Note 1(A);

WHEREAS, some courts have interpreted a diminished ability to provide self-care as confinement to a bed or an equivalent inability to be independent in the activities of daily living pursuant to the BOP's guidance. *See, e.g., Gotti*, 2020 WL 497987, at *6 (citing Program Statement 50.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) ("PS 50.50"), at 4, *available at* https://www.bop.gov/policy/progstat/5050_050_EN.pdf).  Other courts in this district have found extraordinary and compelling reasons in a wider variety of circumstances in light of the worldwide pandemic of COVID-19.  *See, e.g., United States v. Valencia*, No. 15 Cr. 163, 2020 WL 2319323, at *6 (S.D.N.Y. May 11, 2020) (finding extraordinary and compelling reasons in the circumstances of the pandemic based on defendant's heart condition and hypertension and collecting cases); *United States v. Daugerdas*, No. 09 Cr. 581, 2020 WL 2097653, at *3 (S.D.N.Y. May 1, 2020) (finding extraordinary and compelling reasons in the circumstances of the pandemic because defendant suffers from Type 2 diabetes, obesity, hypertension and high cholesterol); *United States v. Scparta*, No. 18 Cr. 578, 2020 WL 1910481, at *9 (S.D.N.Y. Apr. 20, 2020) (finding extraordinary and compelling reasons in the circumstances of the pandemic due to defendant's hypertension, sleep apnea, high blood pressure and high cholesterol); *United States v. Zukerman*, No. 16 Cr. 194, 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) (finding extraordinary and compelling reasons in the circumstances of the pandemic based on defendant's age and the diagnoses of diabetes, hypertension, and obesity and collecting cases);

WHEREAS, some preliminary research studies have shown that patients with underlying health conditions and risk factors, including but not limited to diabetes, hypertension, coronary artery disease and obesity might be at higher risk for severe disease or death from COVID-19. *See* Safiya Richardson, et al., *Presenting Characteristics, Comorbidities, and Outcomes Among*

*5700 Patients Hospitalized With COVID-19 in the New York City Area*, Journal of American Medical Association, April 22, 2020, available at https://jamanetwork.com/journals/jama/full article/ 2765184 ?guestAccessKey=906e474e-0b94-4e0e-8eaa-606ddf0224f5&utm_source= For_The_Media&utm_medium=referral&utm_campaign=ftm_links&utm_content=tfl&utm_ter m=042220 (last accessed August 5, 2020) (finding that 94 percent of the patients hospitalized because of COVID-19 in the New York area had a chronic health problem, and 88 percent had two or more, where three most prevalent conditions were hypertension (56.6 percent), obesity (41.7 percent), and diabetes (33.8 percent)). *See also* High-Risk Conditions, *Centers for Disease Control and Prevention*, https://www.cdc.gov/coronavirus/2019-ncov/hcp/underlying-conditions.html (last accessed May 21, 2020) (listing diabetes and heart conditions as high-risk conditions); Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease (COVID-19), *Centers for Disease Control & Prevention*, available at ahttps://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last accessed May 21, 2020) (observing that "case fatality was higher for patients with comorbidities: 10.5% for those with cardiovascular disease, 7.3% for diabetes, and approximately 6% each for chronic respiratory disease, hypertension, and cancer. Heart disease, hypertension, prior stroke, diabetes, chronic lung disease, and chronic kidney disease have all been associated with increased illness severity and adverse outcomes."). Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Dante Stephens*, No. 15 Cr. 95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020);

WHEREAS, Defendant, a forty-one year old man, seeks a modification of his sentence on the grounds that he has been diagnosed with, among other things, diabetes, hypertension and

elevated cholesterol and morbid obesity, and that these circumstances present "extraordinary and compelling reason" that warrant a sentence reduction.  18 U.S.C. § 2582(c)(1)(A)(i).  The Government does not dispute his health conditions or that the conditions constitute an extraordinary and compelling reason justifying release;

WHEREAS, Defendant represents that he shares his cell with another person, and he lives in a unit with thirty inmates who are released together to shower and use the telephone several times per week.  Because of this, Defendant is unable to disinfect communal facilities prior to use and social distancing is difficult or impossible;

WHEREAS, Defendant's compromised health conditions, taken in concert with the COVID-19 public health crisis, constitute an extraordinary and compelling reason to modify to Defendant's sentence on the grounds that he is suffering from a serious medical condition that substantially diminishes his ability to provide self-care within the environment of the facility.  U.S.S.G. § 1B1.13, Application Note 1(A).  *See Daugerdas*, 2020 WL 2097653, at *3 (S.D.N.Y. May 1, 2020) (finding extraordinary and compelling reasons due to the pandemic and because defendant suffers from Type 2 diabetes, obesity, hypertension and high cholesterol); *United States v. Rivernider*, No. 3:10 Cr. 222, 2020 WL 2393959, at *1 (D. Conn. May 12, 2020) ("The Court finds that the risk posed to [defendant's] health by the novel coronavirus constitutes an extraordinary and compelling reason justifying compassionate release in accordance with § 3582(c)(1)(A).  [The defendant] is 54 years of age with diabetes, heart disease and hypertension, all significant risk factors for severe illness were he to contract COVID-19.");

WHEREAS, before granting compassionate release, this Court must find that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).  U.S.S.G § 1B1.13(2).  Upon consideration of the factors, it is found that

Defendant is not a danger to the community due to, *inter alia*, the non-violent nature of his crime, his lack of any violent criminal history and because he will be transferred to an immigration facility and ultimately removed to the Dominican Republic upon his release;

**Sentencing Factors Under Section 3553(a)**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) further requires a court to consider the factors set forth in § 3553(a) in considering whether to reduce a term of imprisonment.  These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a);

WHEREAS,  a court may deny a compassionate release motion if, "in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances."  *United States v. Lisi*, No. 15 Cr. 457, 2020 WL 881994, at *5 (S.D.N.Y. Feb. 24, 2020).  This is not the case here.  Defendant was convicted of a nonviolent crime and, although he has not served the majority of his sentence and certain sentencing factors may weigh against release, the sentencing factors do not override the high risk of severe illness or death posed by COVID-19.  It is hereby,

**ORDERED** that, for the foregoing reasons, Defendant's application is **GRANTED**.  The Government shall arrange for Defendant to be released into the custody of ICE for removal to the Dominican Republic as soon as possible.

The Clerk of Court is respectfully requested to close the motions at Dkt. No. 44.

Dated: August 6, 2020
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE